UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DOMINIQUE NASH, KWAMIE
GAINES, AND TEQUILA CARTER

VERSUS

SABLE CHASE APARTMENTS,
BIG SABLE CHASE AT SHERWOOD
APARTMENTS, LLC, COTTONWOOD
RESIDENTIAL, ABC INSURANCE COMPANY

CIVIL ACTION

NO. 17-941-JWD-EWD

## NOTICE AND ORDER

On August 28, 2017, plaintiffs, Dominique Nash, Kwamie Gaines, and Tequila Carter ("Plaintiffs") filed a Petition for Damages (the "Petition") in state court against Sable Chase Apartments, Big Sable Chase at Sherwood Apartments, LLC ("BSC"), Cottonwood Residential, and ABC Insurance Agency.[1] Per the Petition, Plaintiffs allege they were tenants at Sable Chase Apartments and, after being advised it was safe to return to the apartment following flooding, were exposed "to toxic mold causing respiratory issues...."[2] Plaintiffs allege that their requests to move were denied and that defendants' refusal to provide a letter to vacate based on inhabitability of the apartment hindered their ability to obtain disaster housing assistance.[3] Plaintiffs allege that as a result of defendants' negligence, they "were exposed to mold and suffered injuries to structure, tissues, and cardiovascular system of their body."[4]

On October 6, 2017, BSC and Cottonwood Capital Property Management II, LLC ("Cottonwood Capital") removed this action pursuant to 28 U.S.C. § 1332.[5] BSC and Cottonwood

---

[1] R. Doc. 1-2.

[2] R. Doc. 1-2, ¶¶ IV & VI.

[3] R. Doc. 1-2, ¶¶ VI & VII.

[4] R. Doc. 1-2, ¶ IX.

[5] R. Doc. 1.

1

Capital (collectively, the "Removing Entities") contend that Cottonwood Capital was incorrectly named as Cottonwood Residential in Plaintiffs' Petition.[6] The Removing Entities assert that Sable Chase Apartments "is merely a trade name and not a separate juridical entity, and is either fraudulent [sic] or improperly joined in this matter and, as a result, the Court should disregard its citizenship for purposes of jurisdiction."[7] Additionally, the Removing Entities correctly point out that for purposes of determining whether there is diversity subject matter jurisdiction, the citizenship of a defendant which has been sued under a fictitious name, such as ABC Insurance Agency, may be disregarded. 28 U.S.C. § 1441(b)(1).[8]

Per the Petition, Plaintiffs are alleged to be domiciled in Louisiana and are therefore considered to be citizens of Louisiana. *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). In the Notice of Removal, the Removing Entities allege that Cottonwood Capital

> is a Delaware limited liability corporation that is wholly owned by another Delaware entity, Cottonwood Capital Holdings, LLC, which, in turn, is wholly owned by Cottonwood Capital Management, Inc., a Delaware corporation, with its principal place of business in Utah.[9]

The Removing Entities further allege that BSC

> is a Delaware limited liability company with its principal place of business in Utah. The sole member of BSC is BGK-Integrated Group, LLC, a New Mexico limited liability company with its principal place of business in Utah. In turn, the members of BGK-Integrated Group, LLC are (A) Integrated Total Solution, Inc., a Florida corporation with its principal place of business in Florida, (B) Rosemont Realty, LLC, a Delaware limited liability company with its principal place of business in New Mexico, and (C) several individuals who are domiciled in Florida (2 individuals) and New Mexico (5 individuals). The members of Rosemont Realty, LLC are several individuals and entities domiciled in Arkansas (1

---

[6] R. Doc. 1, p. 1.

[7] R. Doc. 1, ¶ 10.

[8] R. Doc. 1, ¶ 1.

[9] R. Doc. 1, ¶ 8.

individual), Arizona (1), California (3), Colorado (1), Connecticut (3), Florida (4), Illinois (4), Kentucky (3), Missouri (1), New Jersey (2), New Mexico (24), Nevada (1), New York (13), Oregon (1), Pennsylvania (2), Texas (2), and Virginia (2).[10]

For multiple reasons, the Removing Entities' allegations of citizenship are insufficient.

"When jurisdiction is based on diversity, we adhere strictly to the rule that citizenship of the parties must be 'distinctly and affirmatively alleged.'" *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259, 259 (5th Cir. 2008) (quoting *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988)). For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

In the Notice of Removal, the Removing Entities' purport to trace the entities which "wholly own" Cottonwood Capital. This is insufficient to allege the *members* of Cottonwood Capital. To the extent Cottonwood Capital Holdings, LLC is the sole member of Cottonwood Capital, the Removing Entities must so allege. Likewise, to the extent Cottonwood Capital

---

[10] R. Doc. 1, ¶ 9.

Management, Inc. is the sole member of Cottonwood Capital Holdings, LLC, the Removing Entities must so allege.[11] Further, in light of Cottonwood Capital's assertion that Plaintiffs have incorrectly named Cottonwood Residential, it is not clear whether Plaintiffs intended to name Cottonwood Residential or Cottonwood Capital as a defendant in this action. Without proper allegations regarding the citizenship of both Cottonwood Residential and Cottonwood Capital (or an explicit allegation that Cottonwood Residential does not exist), this court cannot determine whether complete diversity between the parties exists.[12]

In the Notice of Removal, the Removing Entities purport to trace the members of BSC. However, these allegations of citizenship appear to be incomplete. While the Removing Entities allege that the members of Rosemont Realty, LLC "are several individuals and entities," they fail to set forth any entity member of Rosemont Realty, LLC. Moreover, instead of distinctly and affirmatively alleging who the individual members of either BGK-Integrated Group, LLC or Rosemont Realty, LLC are, the Removing Entities note they "will amend this Notice of Removal under seal" to identify the individual members of BGK-Integrated Group, LLC and Rosemont Realty.[13] However, the Removing Entities have provided no basis for filing under seal. As this court recently explained, "'[t]he right to public access 'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.' The Fifth

---

[11] The Removing Entities sufficiently allege the citizenship of Cottonwood Capital Management, Inc. as a Delaware corporation with its principal place of business in Utah. R. Doc. 1, ¶ 8. *See*, *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

[12] To the extent both Cottonwood Residential and Cottonwood Capital are not (based on proper allegations of citizenship) citizens of Louisiana, then the naming of either or both of these entities as a defendant herein would not affect the existence of diversity jurisdiction.

[13] R. Doc. 1, p. 3, n. 2 & 3.

Circuit instructs that District Courts 'must use caution in exercising its discretion to place records under seal', a discretion which must be 'used charily.'" *Trafficware Group, Inc. v. Sun Industries, LLC*, Civil Action No. 15-106, 2017 WL 2369376, at * 1 (M.D. La. May 30, 2017) (internal citations omitted) (denying motion to file motion for fees and costs under seal because "[t]he parties fail to demonstrate good grounds to overcome the 'strong presumption' that all filings and proceedings be open to the public.").

Finally, it is not apparent from the face of Plaintiffs' Petition that the claims are likely to exceed $75,000.00. In the Petition, Plaintiffs allege they were exposed to mold and suffered injuries "to the structure, tissues, and cardiovascular system of their body."[14] There is no allegation regarding any Plaintiff's specific injuries, nor is there any information regarding claimed medical expenses. While Plaintiffs allege they were unable "to obtain disaster housing assistance," there is no allegation regarding the amount of damages arising from that inability. The Removing Entities provide no additional information regarding the amount in controversy in the Notice of Removal. Based on the allegations set forth in the Petition, as well as the information asserted in the Notice of Removal, the court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS ORDERED** that the Removing Entities shall file a Motion to Substitute the Notice of Removal (R. Doc. 1) with a comprehensive Notice of Removal that properly alleges the citizenship of Big Sable Chase at Sherwood Apartments, LLC ("BSC"), Cottonwood Residential, and Cottonwood Capital Property Management II, LLC ("Cottonwood Capital"). The Removing

---

[14] R. Doc. 1-2, ¶ IX.

Entities shall have seven (7) days from the date of this Notice and Order to file the Motion to Substitute. No leave of court is necessary to file the Motion to Substitute.

**IT IS FURTHER ORDERED** that the Removing Entities, BSC and Cottonwood Capital, shall file a memorandum and supporting evidence concerning subject matter jurisdiction, specifically whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, within ten (10) days of this Notice and Order.

**IT IS FURTHER ORDERED** that Plaintiffs shall file either: (1) a memorandum and supporting evidence concerning the court's subject matter jurisdiction, specifically, whether the amount in controversy requirement of 28 U.S.C. § 1332 is met; or (2) a Motion to Remand, within ten (10) days after the filing of the Removing Entities' memorandum.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on October 12, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**