UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DOMINIQUE NASH, KWAMIE
GAINES, AND TEQUILA CARTER

CIVIL ACTION

VERSUS

NO. 17-941-JWD-EWD

SABLE CHASE APARTMENTS,
BIG SABLE CHASE AT SHERWOOD
APARTMENTS, LLC, COTTONWOOD
RESIDENTIAL, ABC INSURANCE COMPANY

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 20, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DOMINIQUE NASH, KWAMIE
GAINES, AND TEQUILA CARTER

CIVIL ACTION

VERSUS

NO. 17-941-JWD-EWD

SABLE CHASE APARTMENTS,
BIG SABLE CHASE AT SHERWOOD
APARTMENTS, LLC, COTTONWOOD
RESIDENTIAL, ABC INSURANCE COMPANY

## REPORT AND RECOMMENDATION

On August 28, 2017, plaintiffs, Dominique Nash, Kwamie Gaines, and Tequila Carter ("Plaintiffs") filed a Petition for Damages (the "Petition") in state court against Sable Chase Apartments, Big Sable Chase at Sherwood Apartments, LLC ("BSC"), Cottonwood Residential, and ABC Insurance Agency.[1] Per the Petition, Plaintiffs allege they were tenants at Sable Chase Apartments and, after being advised it was safe to return to the apartment following flooding, were exposed "to toxic mold causing respiratory issues…."[2] Plaintiffs allege that their requests to move were denied and that defendants' refusal to provide a letter to vacate based on inhabitability of the apartment hindered their ability to obtain disaster housing assistance.[3] Plaintiffs allege that as a result of defendants' negligence, they "were exposed to mold and suffered injuries to structure, tissues, and cardiovascular system of their body."[4]

On October 6, 2017, BSC and Cottonwood Capital Property Management II, LLC ("Cottonwood Capital") (collectively, the "Removing Entities") removed this action pursuant to

---

[1] R. Doc. 1-2.

[2] R. Doc. 1-2, ¶¶ IV & VI.

[3] R. Doc. 1-2, ¶¶ VI & VII.

[4] R. Doc. 1-2, ¶ IX.

28 U.S.C. § 1332.[5] On October 12, 2017, the Removing Entities were ordered to file a Motion to Substitute the Notice of Removal with a proposed Notice of Removal that properly alleged the citizenship of the parties.[6] Additionally, the undersigned found that it was not apparent from the face of Plaintiffs' Petition that the claims were likely to exceed $75,000.00.[7] Based on the allegations set forth in the Petition, as well as the information asserted in the Notice of Removal, the court *sua sponte* raised the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met, and – in addition to ordering the Removing Entities to file the Motion to Substitute – ordered the Removing Entities to file a memorandum and supporting evidence concerning subject matter jurisdiction, specifically whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.[8]

On October 19, 2017, Sable Chase Apartments, Big Sable Chase at Sherwood Apartments, LLC, and Cottonwood Residential (collectively, "Defendants") filed a Memorandum Concerning Subject Matter Jurisdiction and Withdrawing Notice of Removal.[9] Defendants assert that "recently obtained information indicates to Defendants that the jurisdictional amount in controversy

---

[5] R. Doc. 1. BSC and Cottonwood Capital (collectively, the "Removing Entities") contend that Cottonwood Capital was incorrectly named as Cottonwood Residential in Plaintiffs' Petition. R. Doc. 1, p. 1.

[6] R. Doc. 5. In the October 12, 2017 Notice and Order, multiple insufficiencies related to the Removing Entities' allegations of citizenship were raised. *See*, R. Doc. 5.

[7] R. Doc. 5, p. 5. In the Petition, Plaintiffs allege they were exposed to mold and suffered injuries "to the structure, tissues, and cardiovascular system of their body." R. Doc. 1-2, ¶ IX. There is no allegation regarding any Plaintiff's specific injuries, nor is there any information regarding claimed medical expenses. While Plaintiffs allege they were unable "to obtain disaster housing assistance," there is no allegation regarding the amount of damages arising from that inability. The Removing Entities provide no additional information regarding the amount in controversy in the Notice of Removal.

[8] R. Doc. 5.

[9] R. Doc. 7.

requirement will likely <u>not be met</u> at this time"[10] and therefore "Defendants hereby **withdraw** their October 6, 2017 Notice of Removal."[11]

    The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Here, Defendants have not met their burden of proving federal diversity jurisdiction. In addition to failing to correct the insufficiencies regarding the allegations of citizenship raised in this court's October 12, 2017 Notice and Order,[12] Defendants have responded to that Notice and Order "by withdrawing their Notice of Removal, because, at least at this time, the Plaintiffs' damages do not appear to meet the jurisdictional amount in controversy necessary to maintain federal jurisdiction."[13]

    Accordingly, based on the Memorandum Concerning Subject Matter Jurisdiction and Withdrawing of Notice of Removal, the undersigned **RECOMMENDS** that this matter be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

    Signed in Baton Rouge, Louisiana, on October 20, 2017.

                                         **ERIN WILDER-DOOMES**
                                         **UNITED STATES MAGISTRATE JUDGE**

---

[10] R. Doc. 7, p. 1.

[11] R. Doc. 7, p. 2. *See also*, R. Doc. 7, p. 2 (asserting that although Defendants maintain that it was facially apparent from Plaintiffs' Petition that the amount in controversy was met, "subsequent to the Court's Order, the Defendants obtained from the Plaintiffs information which now indicates that, notwithstanding the allegations of the petition, the Plaintiffs' claims October 20, 2017will likely not meet the jurisdictional amount in controversy.").

[12] R. Doc. 5.

[13] R. Doc. 7, p. 3.